UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| MICHAEL CHRISTOPHER DUGGER, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 2:25-CV-13-DCLC-CRW |
| DEPUTY HOPKINS, | ) ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM AND ORDER

Pro se prisoner Plaintiff, Michael Christopher Dugger, filed a motion seeking to proceed *in forma pauperis* in this civil rights action under 42 U.S.C. §1983 [*See* Doc. 1]. Finding that the motion was not properly supported, the Court entered an Order on January 15, 2025, providing Plaintiff with thirty (30) days within which to pay the filing fee or submit the necessary documents [Doc. 5]. The Court cautioned Plaintiff that failure to comply with the Order would result in the denial of the motion, assessment of the full filing fee, and dismissal of this case [*Id.* at 2]. Plaintiff did not timely comply with the Order, but on February 14, 2025, the Court received a letter from Plaintiff stating that he could not send in the necessary documents because they were not notarized [Doc. 6]. Then, on February 27, 2025, the Court received a letter from Plaintiff's mother stating that Plaintiff was moved to the Unicoi County Jail and was expected to be housed there until mid-March 2025 [Doc. 7]. On the same date, the Clerk confirmed that Plaintiff was incarcerated at the Unicoi County Jail. On March 3, 2025, the Clerk resent to the Unicoi County Jail the necessary documents for Plaintiff to complete to support his *in forma pauperis* motion [Doc. 8]. But thirty (30) days have passed since that event, and Plaintiff has not returned the documents or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff has chosen not to comply with the Court's instructions, and the Court expressly warned Plaintiff that failure to comply with its orders would result in the dismissal of this action [*See* Doc. 5, p. 2]. Alternative sanctions are not warranted, as the Clerk contacted Plaintiff and provided him additional forms and information to allow him to remedy the deficiencies in his filings without dismissal of this action. However, Plaintiff's lack of compliance with the Court's orders have left it with no path forward. Therefore, on balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status

2

Case 2:25-cv-00013-DCLC-CRW    Document 9    Filed 04/18/25    Page 2 of 3    PageID #: 24

did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

As Plaintiff failed to demonstrate that he is entitled to pauper status, his motion to proceed *in forma pauperis* [Doc. 1] is **DENIED**. Plaintiff is **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

---

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint . . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).